03-60689.oa

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 03-60689-CIV-~~JORDAN~~ UUB

DONALD A. YARBROUGH,

Plaintiff,

vs.

CAMPUS USA CREDIT UNION,

Defendant.
_______________________________/

FILED BY ___ D.C.
2003 OCT -3 PM 3:40
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL. - MIAMI

**ORDER RE: MOTION FOR SANCTIONS**

**This matter** is before this Court on Defendant's Motion for Sanctions..., filed August 25, 2003. The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

Plaintiff was properly noticed for deposition. Plaintiff failed to appear. He states he was unable to appear "because of a previously scheduled deposition, set for the very same time, in a lower numbered Federal case...". He also states that he sent a letter to defense counsel stating he would not appear. However, when advised that his deposition was set, plaintiff advised if he did not receive notice of the cancellation he would file a motion for protective order. This he did, however it was denied since it was not filed as an emergency and did not get consideration until after the date of the scheduled deposition.

It bears noting that plaintiff states he is a member of the Bar of the Southern District of Florida. Most telling is exhibit "F" attached to plaintiff's memorandum in opposition. It points up what may be the real issue in this matter - plaintiff's desire to take defendant's employees



33

depositions first, even though defendant had attempted to take his long before those were scheduled.

Plaintiff attempts to deflect consideration of his actions by stating, (page 5 of the memo in opposition) that defendant "fails to inform the Court that he attached a limitation to rescheduling Plaintiff's deposition...". However, plaintiff fails to address, much less controvert, the numerous attempts made to set his deposition before those depositions were scheduled. It is true that such a limitation was attached, but plaintiff chose not to avail himself of it - thus giving more support to the very theory espoused by defense counsel in exhibit F - "If this is not simply a strategy on your part to take the depositions of the Credit Union employees before your deposition...".

Plaintiff, particularly as a member of the Bar of the Southern District of Florida, could have and should have brought this issue to the Court if needed, before he did. He should have known that a motion for protective order does not automatically stay discovery and chose not to appear for a deposition. This is improper.

On the other hand, defendant was on notice - however legally proper or improper, that plaintiff was not going to appear. The concerns expressed by defendant could also have been brought to the Court. In any event, the motion reflects that plaintiff's deposition was reset for September 16, 2003. What happened to the depositions of defendant's employees is unknown to the Court.

When all is said and done, it is plaintiff that improperly failed to appear for his deposition. However, the Court rejects defendant's attempt to recoup in this motion, the fees allegedly incurred in preparing a response to plaintiff's motion for protective order.

Therefore, the Court being otherwise fully advised in the premises, it is hereby **ORDERED**

**AND ADJUDGED** as follows:

1. The motion for sanctions is **GRANTED, in part.**

2. Sanctions are imposed in the amount of $60.00 for the Court reporter charges for plaintiff's failure to appear at his deposition.

**DONE AND ORDERED** this 2d day of October, 2003, at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc: Honorable Ursula Ungaro Benages
Thomas A. Groendyke, Esq.
Donald A. Yarbrough, pro se
P.O. Box 11842
Ft. Lauderdale, FL 33339